BUD SIMPSON v. THE STATE.

No. 1864.    Decided June 5, 1912.

1.—Aggravated Assault—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions the question of the admission of testimony can not be considered on appeal.

2.—Same—Charge of Court—Statement of Facts.

In the absence of a statement of facts the erasure in the charge of the court of certain expressions can not be considered on appeal.

3.—Same—Charge of Court—Limiting Testimony.

In the absence of a statement of facts the court's failure to limit certain testimony can not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated asault under an indictment charging him with an assault with intent to murder.

In the motion for a new trial several grounds were urged to the introduction of testimony. Appellant failed to reserve bills of exception. These matters can not be considered.

There was also a motion made to exclude from the record testimony which was admitted, which the motion for new trial alleges was overruled. To this there was no bill of exceptions reserved. It is also contended in said motion that the court erred in not permitting certain evidence to be introduced on the part of the defendant. These grounds are in the same condition as those mentioned—appellant failed to reserve bills of exceptions.

There are exceptions in the motion for new trial to the charge, and the action of the court eliminating or erasing certain expressions from the charge. The statement of facts is not in the record, and we are unable to decide intelligently these matters. Without the evidence before us there may have been no error. Following the general proposition that the action of the trial court is presumed to be correct until shown to be erroneous, we must presume, in the absence of the evidence, there was no error in these matters.

It is further urged that the court erred in failing to limit the purpose for admitting certain testimony. We are unable to say for what purpose this testimony was admitted in the light of the record, or whether it was necessary to limit it at all.

The judgment is affirmed.

*Affirmed.*